## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2015, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitfield
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Albert Goering,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 18, 2015<br><br>Court of Appeals Cause No.<br>88A05-1406-CR-261<br><br>Appeal from the Washington Circuit Court<br>Cause No. 88C01-1303-FB-191<br><br>The Honorable John T. Evans, Special Judge |

**Barnes, Judge.**

# Case Summary

[1] Albert Goering appeals his fifteen-year sentence for five counts of Class B felony sexual misconduct with a minor and one count of Class B felony attempted sexual misconduct with a minor.  We affirm.

# Issues

[2] Goering raises three issues, which we restate as:

> I. whether the trial court properly excluded evidence at the sentencing hearing;

> II. whether the trial court properly refused to allow questioning of the victim representatives at the sentencing hearing; and

> III. whether the trial court abused its discretion when it sentenced him.

# Facts

[3] T.C., who was born in 1998, often worked for Goering babysitting and working on his maple syrup farm.  In January 2013, when T.C. was fourteen years old, their relationship changed when Goering kissed T.C.  T.C. was curious and happy that someone liked her.  Goering kissed T.C. again a few days later, and their relationship escalated to oral sex, digital penetration, and eventually sexual intercourse.  T.C. told her sister-in-law about the relationship, and her sister-in-law told T.C.'s parents.

[4] In March 2013, the State charged Goering with five counts of Class B felony sexual misconduct with a minor and one count of Class B felony attempted sexual misconduct with a minor. After a jury trial, Goering was found guilty as charged.

[5] At the sentencing hearing, T.C.'s parents were allowed to make victim impact statements. Goering then requested "the opportunity to ask [them] some questions," and the trial court denied the request. Tr. p. 54. After T.C.'s parents spoke, Goering also requested the admission of T.C.'s recorded statements to police officers and Department of Child Services ("DCS") workers, which were not admitted at trial, and the State objected. According to Goering, the statements were not admitted at trial because of the "rape shield statute." *Id.* at 65. However, Goering contended that the statements were admissible at sentencing because they were relevant to show that T.C. facilitated the offense and that T.C. did not suffer serious harm. The trial court found that the statements were not admissible.

[6] The trial court found two aggravators—the fact that the harm, injury, loss, or damage suffered by T.C. was significant and greater than the elements necessary to prove the commission of the offense and Goering's lack of remorse. The trial court noted that T.C. suffered "physical pain, physical injury and significant emotional injury" and that Goering was her "supervisor and employer and was in a position of control and trust." App. p. 134. The trial court found one mitigating factor—Goering's lack of criminal history. For both

convictions, the trial court sentenced Goering to fifteen-year concurrent sentences with five years suspended to probation. Goering now appeals.

## Analysis

### I. Admission of T.C.'s Statements

Goering argues that the trial court abused its discretion by excluding T.C.'s recorded statements to police officers and DCS workers during the sentencing hearing. The admission of testimony at a sentencing hearing is at the discretion of the trial court. *Couch v. State*, 977 N.E.2d 1013, 1016 (Ind. Ct. App. 2012), *trans. denied*. Indiana Evidence Rule 101 provides that the rules of evidence, except privileges, do not apply to sentencing hearings. Thus, the trial court is not limited to admissible evidence in evaluating aggravating and mitigating circumstances. *Thacker v. State*, 709 N.E.2d 3, 9 (Ind. 1999). The task at a sentencing hearing is to determine the type and extent of punishment. *Bluck v. State*, 716 N.E.2d 507, 512 (Ind. Ct. App. 1999).

The recorded statements apparently related to prior sexual history of T.C. Goering, however, does not specify the content of the statements.[1] According

---

[1] Although Goering made an offer of proof at the sentencing hearing, we were not provided with the exhibit on appeal. We also note that, in his reply brief, Goering argues that he was denied the right to present exculpatory evidence. "Exculpatory is defined as '[c]learing or tending to clear from alleged fault or guilt; excusing.'" *Samek v. State*, 688 N.E.2d 1286, 1288 (Ind. Ct. App. 1997) (quoting Black's Law Dictionary 566 (6th ed. 1990)), *trans. denied*. The presentation of evidence at a sentencing hearing of T.C.'s past sexual history is clearly not "exculpatory" and would not clear Goering from guilt as he had already been convicted of the offenses.

to Goering, the statements, although excluded at trial due to Indiana Code Section 35-37-4-4 and Indiana Evidence Rule 412, were admissible at the sentencing hearing to contradict the State's implication that T.C. was "innocent and sexually pure." Appellant's Br. p. 16. The State responds that the excluded evidence was completely irrelevant to the trial court's role in determining an appropriate sentence based on the character of the offender and the nature of the offense.

[9] First, contrary to Goering's argument, we read nothing in the victim impact statements that implied T.C. was "innocent and sexually pure." We also agree with the State that the recorded statements simply were not relevant to the trial court's determination of a proper sentence for Goering. T.C.'s prior sexual history was completely irrelevant to Goering's character and the fact that he engaged in sexual intercourse with a fourteen year old child. Goering contends the evidence showed that T.C. "facilitated the offense." See Ind. Code § 35-38-1-7.1 (noting that the trial court may consider the fact that the "victim of the crime induced or facilitated the offense" as a mitigator). However, a prior sexual history does not indicate that T.C. facilitated the offenses here.

[10] Moreover, even if the statements were relevant and should have been admitted, Goering has not demonstrated that he was prejudiced. The trial court was already aware that T.C. voluntarily participated in the acts with Goering. Goering has not demonstrated that he was harmed by the exclusion of the evidence.

## *II. Questioning of the Victim Representatives*

Next, Goering argues that the trial court erred by refusing to allow him to question T.C.'s parents, who made victim impact statements. Goering requested "the opportunity to ask [them] some questions," which the trial court denied. Tr. p. 54. According to Goering, his right to confrontation was violated when the trial court denied his request.

A victim or victim's representative has the right to be heard at any proceeding involving sentencing. *See* I.C. § 35-40-5-5; I.C. § 35-40-5-6(a); I.C. 35-38-1-2. Victim impact statements are an integral part of the sentencing process, and trial courts are required to receive and consider them. *Cloum v. State*, 779 N.E.2d 84, 92-93 (Ind. Ct. App. 2002). Among other things, "the statement allows for a degree of catharsis by the victim or the victim's representative, permitting him or her to express their recommendation as to a sentence, the impact a crime had, and their feelings toward the defendant, all in a judicial setting." *Id.* at 93. Regarding these statements, we have stated:

> [W]e would not want to require victims or victim representatives to have to make their statement under oath with the ever-present threat of a perjury charge limiting their ability to speak freely; nor would it be wise, in our view, to subject a victim or victim's representative to defense cross-examination regarding comments made in a victim impact statement as a general rule. Nonetheless, when a victim impact statement strays from the effect that a crime had upon the victim and others and begins delving into substantive, unsworn, and otherwise unsupported allegations of other misconduct or poor character on the part of the defendant, caution should be used in assessing the weight to be given to such allegations, especially where the defendant is not provided an opportunity to respond directly to them.

*Id.*

Goering acknowledges that he could not cross-examine the victim representatives but argues that his request to ask them questions was not cross-examination. We disagree. Although Goering could have called T.C.'s parents as witnesses, he did not do so.[2] Instead, after T.C.'s parents gave victim impact statements, Goering sought to ask them questions. The State correctly argues that Goering's attempt to distinguish cross-examination and asking questions of the victim representatives is "a distinction without a difference." Appellee's Br. p. 15. The trial court properly did not allow Goering to cross-examine T.C.'s victim representatives at the sentencing hearing.

## III. Sentencing

Goering also argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering

---

[2] In his reply brief, Goering argues that "[t]he question presented is whether Goering should have been allowed to present evidence in his own defense." Appellant's Reply Br. p. 1. There is no indication that Goering was unable to present evidence at the sentencing hearing. To the contrary, Goering called several witnesses. Goering also states: "The State fails to explain why Goering's right to present the parents as witnesses to offer testimony should have been curtailed." *Id.* at 2. However, Goering did not call T.C.'s parents as witnesses.

a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[15] Goering argues that the record does not support the two aggravators found by the trial court. The aggravators found by the trial court were: (1) the fact that the harm, injury, loss, or damage suffered by T.C. was significant and greater than the elements necessary to prove the commission of the offense; and (2) Goering's lack of remorse. When discussing the first aggravator, the trial court noted that T.C. suffered "physical pain, physical injury and significant emotional injury" and that Goering was her "supervisor and employer and was in a position of control and trust." App. p. 134.

[16] Goering contends that there was no evidence of a significant physical or emotional injury. We first note that Goering specifically did not "quarrel" with the proposed aggravator that "the harm, injury or loss . . . or damage suffered by the victim of the offense was significant and greater than the elements necessary to prove the commission of the offense." Tr. p. 71. Consequently, he has waived this argument regarding the aggravator. Moreover, at the trial, the State presented evidence that T.C. felt pain during the sexual intercourse, when Goering placed his finger in her vagina, and when he placed his finger in her anus. T.C.'s parents stated during the victim impact statements that Goering's

actions would affect T.C. during her entire life. We cannot say that the trial court abused its discretion by finding that T.C. sustained significant physical or emotional injury.

[17] Goering also argues that T.C. voluntarily changed her job duties to work with Goering and encouraged the relationship. Regardless of Goering's argument, he was the adult, T.C.'s employer and supervisor, and a trusted friend of T.C.'s family. The trial court did not abuse its discretion when it found that Goering was in a position of trust with T.C.

[18] Finally, Goering argues that the record does not support the trial court's finding of no remorse. "Remorse, or lack thereof, by a defendant often is something that is better gauged by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." *Gibson v. State*, 856 N.E.2d 142, 148 (Ind. Ct. App. 2006). In his sentencing hearing testimony and his presentence investigation interview, Goering focused on the effect the accusation and conviction had on his life rather than expressing remorse for his actions. We acknowledge that Goering apologized to T.C. and her family at the sentencing hearing, but his credibility on this issue was better left to the trial court. We cannot say that the trial court abused its discretion when it found Goering's lack of remorse as an aggravator.

## Conclusion

[19] The trial court did not abuse its discretion by excluding evidence of the victim's prior sexual history from the sentencing hearing, and the trial court properly

denied Goering's request to question the victim impact statement representatives. The trial court also did not abuse its discretion when it found the two aggravators. We affirm.

Affirmed.

May, J., and Pyle, J., concur.